UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | Case No. 2:21-CV-1615 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CHEYANNE MARIE MENDOZA, et al., | |
| Defendant(s). | |

Presently before the court is interpleader-plaintiff Primerica Life Insurance Company's ("Primerica") motion for attorney's fees and costs. (ECF No. 34). Defendant Cheyanne Marie Mendoza ("Mendoza") responded (ECF No. 35). Primerica did not reply, and the time to do so has passed.

Also before the court is Primerica's motion to dismiss itself from this action (ECF No. 21) and motion for judgment on its motion to dismiss (ECF No. 26). No party responded in opposition to either motion, and the time to do so has passed.

**I.  Background**

On or about December 29, 2011, Primerica issued life insurance policy number 0489230114 to Charlotte Marie Wiley ("Charlotte"). Charlotte died on November 12, 2020. At the time of her death, Charlotte's death benefit ("benefit") was $180,000.00. According to Primerica, the benefit has at least two potential claimants, Charlotte's widower, Tom Wiley, Jr. ("Tom"), and Charlotte's daughter, Mendoza.

On August 31, 2021, Primerica initiated this matter by filing a complaint in interpleader and naming Tom and Mendoza as defendants. (ECF No. 1). On October 27, 2021, after properly serving both defendants and participating in a scheduling conference,

**James C. Mahan**
**U.S. District Judge**

Primerica deposited the full benefit—$181,507.46 after interest and premiums—with the court's registry account. (ECF No. 19).

Having deposited the benefit, Primerica is now a disinterested party to any cross claims between Tom and Mendoza. Thus, on Primerica's motion, the court granted Primerica leave to seek the attorney fees and costs it accumulated from this matter. (ECF Nos. 23; 33).

As no party opposes Primerica's motion to dismiss, the court GRANTS that motion (ECF No. 21) and Primerica's motion for judgment on its motion to dismiss (ECF No. 26). *See* LR 7-2(d). The court now considers Primerica's motion for fees and costs. (ECF No. 34).

## II. Legal Standard

"In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). "Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984).

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). However, attorney's fees in an interpleader action are "properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions." *Id*.

Attorney's fees awarded to an interpleader plaintiff are typically modest, particularly because "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id*. at 427.

In deciding what amount of attorney's fees to award, courts apply the lodestar method by "multiplying the number of hours expended by a reasonable hourly rate." *Ryan v.*

*Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007).

The reasonableness of the requested fee is then determined with reference to the twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]  A district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation.  *Ryan*, 786 F.3d at 763.

In this court, a motion for attorney's fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to confirm that the fees and costs sought are reasonable.  LR 54-14(b).  A failure to provide the documentation required by LR 54-14 in a motion for attorney's fees "constitutes a consent to the denial of the motion."  LR 54-14(c).  If an opposition to the motion is filed, it must set forth the specific charges disputed and state with reasonable particularity the basis for the opposition.  LR 54-14(d).  The opposition must include affidavits to support any contested fact.  *Id.*

. . .

. . .

---

[1] Pursuant to Local Rule 54-14(a), parties seeking attorney's fees are required to discuss these factors in their motion.

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Discussion

Primerica requests attorney's fees in the amount of $5,712.50 and costs in the amount of $1,437.66. (ECF No. 34 at 3). Primerica's counsel of record, Lee H. Gorlin, attached his affidavit to the motion to authenticate and prove the reasonableness of this request. (ECF No. 34-1). Gorlin also attached his law firm's invoice for the work required for this matter, as well as a bill of costs. (ECF Nos. 34-2; 34-3).

In response, Mendoza argues that the court should not award fees for Gorlin's August 28, 2021, charge for 4.2 hours of file review.[2] (*Id.* at 3). However, no affidavit is attached to Mendoza's opposition as required by Local Rule 54-14(d). Further, Mendoza does not state with reasonable particularity the basis for her opposition; she merely "submits" that the charge "is unreasonable." (*Id.*). Nevertheless, the court considers whether Primerica's requested fees are reasonable.

First, Gorlin's $225.00 hourly rate is within the lodestar rate in this community.[3] *See, e.g., Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas).

---

[2] Mendoza also argues that any award of attorney's fees to Primarica should be held in abeyance or assessed to Tom pending the resolution of this case. (*Id.*). However, Mendoza provides no law to support this argument, and the court rejects it at this stage. The award of attorney's fees to a disinterested interpleader is designed to allow it to move along after filing, not to hold its interest in the case hostage until the interested parties' claims are resolved. Further, the assessment of Primerica's fees is better left for Tom and Mendoza to dispute when their dispersal is at issue.

[3] As are the rates of his co-counsel—$300.00—and case clerk—$170.00.

**James C. Mahan**
**U.S. District Judge**

Second, the fees and costs requested are "properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability, not in litigating the merits of the adverse claimants' positions." *See Tise*, 234 F.3d at 426. Further, the total amount requested—$7,150.16—is less than 4% of the amount Primerica deposited with the court (*see* ECF No. 19) and does not "deplete the fund at the expense of the party who is ultimately deemed entitled to it." *See Tise*, 234 F.3d at 427.

Third, the *Kerr* factors support Primerica's requested fees. Particularly relevant are the time required—25 hours to identify and locate all claimants to the interplead funds, serve the defendants with summons and the complaint, prepare initial disclosures, participate in discovery conferences, prepare the motion to dismiss, the motion for leave to seek fees and costs and related briefing, and prepare this motion and the bill of costs—and awards in similar cases—*e.g.*, *Primerica Life Ins. Co. v. Aguilar*, Case No. 2:20-cv-00121-JAD-BNW (D. Nev. June 9, 2021) (ECF No. 57) (awarding $10,717.50 in fees for a similar matter).

Thus, having reviewed Primerica's motion, the bill of costs, the expense records submitted by Primerica's counsel, and the supporting affidavit of Lee H. Gorlin, the court finds that the fees and costs sought are reasonable. As to Mendoza's objection to the August 28, 2021, charge for file review, the court does not find that amount of time inherently unreasonable, and Medoza provides no alternative basis to support reducing the fees.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Primerica's motion to dismiss itself from this action (ECF No. 21) be, and the same hereby is, GRANTED. Primerica is DISMISSED from this action, with prejudice, and is released from all further liability in connection with the life insurance policy and proceeds in this matter.

IT IS FURTHER ORDERED that all remaining defendants are restrained from instituting or further prosecuting any other proceeding in any court against Primerica and its agents with respect to the life insurance policy and proceeds in this matter, until further order of the court.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that Primerica's motion for judgment on its motion to dismiss (ECF No. 26) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Primerica's motion for attorney's fees and costs (ECF No. 34) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of Primerica for attorneys' fees in the amount of $5,712.50 and costs in the amount of $1,437.66.

DATED April 1, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**